UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LLOYD MARKS and MUSTANG HELICOPTERS, L.L.C. | CIVIL ACTION NO. 6:14-cv-00441 |
| VERSUS | JUDGE DOHERTY |
| TERRY MACKEY and MUSTANG HELICOPTERS, L.L.C. | MAGISTRATE JUDGE HANNA |

**MEMORANDUM RULING**

Currently pending is the defendants' motion to dismiss, stay, or transfer venue (Rec. Doc. 7). The motion is opposed. Having reviewed the pleadings, the relevant jurisprudence, and the applicable law, and for the reasons explained below, the motion is granted, and this action is transferred to the United States District Court for the District of Utah.

**FACTUAL AND PROCEDURAL BACKGROUND**

This is a breach of contract lawsuit. According to the plaintiffs' complaint, two separate entities named Mustang Helicopters, L.L.C. are parties to this lawsuit. One of them is a limited liability company organized under the laws of the State of Utah, while the other is a limited liability company organized under the laws of the State of Louisiana. In order to distinguish them, the two will be referred to hereinafter as Mustang LA and Mustang UT. Plaintiff Lloyd Marks is a citizen of Louisiana, and

he is alleged to be the sole member of Mustang LA. Defendant Terry Mackey is a citizen of Utah. It is not known whether Mackey is a member of Mustang UT, although it is alleged that no members of Mustang UT are Louisiana citizens and that Mustang UT is a citizen of Utah. These allegations are sufficient for the Court to conclude that it has subject-matter jurisdiction over the parties to this lawsuit.

In January 2012, Mackey, allegedly acting as Mustang UT's manager, entered into a "dry lease" agreement with Ranger Aviation, L.L.C., which is alleged to be Marks's business. (Rec. Doc. 1-2). Under this contract, Mustang UT leased a helicopter and related equipment from Ranger. Mackey allegedly fell behind on the lease payments and soon owed Ranger approximately $80,000.

In November 2012, Mackey and Mustang UT, as sellers, entered into a contract called an Asset Purchase Agreement with Marks and Mustang LA, as buyers, for the sale of certain assets used in the operation of Mackey's business. (Rec. Doc. 1-3). It is alleged that this transaction extinguished Mackey's debt to Ranger and also required Marks to pay the additional sum of $200,000 with an initial payment of $40,000 and installments of $20,000 due every three months thereafter.

The Asset Purchase Agreement also allegedly required Mackey to assist Marks in the transfer of a Part 135 Air Carrier Certificate. The plaintiffs allege, however,

that Mackey did not endeavor to have the certificate transferred in good faith and failed to assist Marks or others in achieving that goal.

The plaintiffs also allege that the defendants breached the terms of the Asset Purchase Agreement because Maverick Aviation Group, L.L.C. is the owner of the federal registered trademark "MUSTANG HELICOPTERS," which precluded the defendants from conveying rights to that name in breach of a material provision of the Asset Purchase Agreement and precluded the plaintiffs from using the name. After Maverick asserted its claim to the trademark, the plaintiffs allegedly stopped making the payments owed under the Asset Purchase Agreement pending the resolution of the trademark issue.

On January 9, 2014, Mackey and Mustang UT filed a lawsuit against Marks and Mustang LA in a Utah state court, alleging breach of the Asset Purchase Agreement. Marks and Mustang LA removed that action to the United States District Court for the District of Utah on February 11, 2014, where it was assigned Civil Action No. 2:14-cv-00093. Marks and Mustang LA then filed this lawsuit on February 24, 2014.

### THE PARTIES' CONTENTIONS

In the pending motion, defendants Mackey and Mustang UT seek to have the lawsuit pending in this forum dismissed, stayed, or transferred to another forum.

They alternatively argue that this Court lacks personal jurisdiction over them, that the doctrine of *lis pendens* mandates a stay of this action until the Utah proceeding has been concluded, that the Western District of Louisiana is an improper venue, and that the action should be transferred to the District of Utah or to some other forum pursuant to 28 U.S.C. § 1404(a) and (c) and the doctrine of *forum non conveniens*. Plaintiffs Marks and Mustang LA argue, however, that this action should be maintained in this forum.

Neither the plaintiffs nor the defendants squarely addressed the first-to-file rule in their briefing with regard to the pending motion. Accordingly, the undersigned ordered additional briefing addressing that particular issue, and the parties complied with that order. (Rec. Docs. 14, 15). Mackey and Mustang UT argued that the two lawsuits substantially overlap, that the parties involved are the same, that the first-to-file rules applies, and that this action should therefore either be transferred to Utah or dismissed. Marks and Mustang LA argued that the two lawsuits do not substantially overlap because the claims and rights asserted in the suits are different, that the first-to-file rule does not apply because the Utah suit was removed to federal court rather than originally filed there, that the first-to-file rule does not apply because the Utah suit was filed in anticipation of the Louisiana suit, and that the contract's choice of law provision favors maintaining this lawsuit in Louisiana.

## ANALYSIS

The issue presented in the instant motion is whether this lawsuit should be permitted to proceed in this forum or if it should be dismissed, stayed, or transferred to another forum. The issue is governed by the first-to-file rule. The first-to-file rule is a doctrine of federal comity, under which, "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."[1] "[C]omity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference in each other's affairs,"[2] and the Fifth Circuit has "long advocated that district courts exercise their discretion to avoid duplication of proceedings where related claims are being litigated in different districts."[3] The outgrowth of that policy is the first-to-file rule, a well-settled discretionary doctrine seeking "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."[4]

---

[1] *In re Spillman Dev. Group, Ltd.*, 710 F.3d 299, 307 (5th Cir. 2013) (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999)).

[2] *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985).

[3] *Schauss v. Metals Depository Corp.*, 757 F.2d 649, 654 (5th Cir. 1985).

[4] *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d at 603 (quoting *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d at 729).

The first-to-file rule determines which court may decide the merits of substantially similar cases, and it also establishes which court decides whether the later-filed suit must be dismissed, stayed, or transferred and consolidated.[5] The first-to-file rule may be raised by a district court *sua sponte*.[6]

Two predicate questions underlie a decision to apply the first-to-file rule: (1) whether the two pending actions are so duplicative that they involve substantially overlapping issues such that one court should decide both, and if so, (2) which of the two courts should take the case.

The crucial inquiry with regard to the first question is one of substantial overlap.[7] This inquiry is satisfied if the two actions involve closely-related questions or common subject matter. The cases need not be identical,[8] and neither the parties nor the issues presented in the cases need be identical.[9] Cases substantially overlap

---

[5] *Sutter Corporation v. P&P Industries, Inc.*, 125 F.3d 914, 920 (5th Cir. 1997).

[6] See *Strukmyer, LLC v. Infinite Fin. Solutions, Inc.*, No. 3:13-CV-3798-L, 2013 WL 6388563, at *5 (N.D. Tex. Dec. 5, 2013); *S & B Eng'rs & Constructors, Ltd. v. Alstom Power, Inc.*, No. 3:04–cv–150–L, 2004 WL 2360034, at *1 (N.D. Tex. Oct.19, 2004).

[7] *Int'l Fidelity Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011) (quoting *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997)).

[8] *Int'l Fidelity Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d at 678; *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d at 950.

[9] *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d at 950.

if they are "closely related"[10] or if they are interrelated because the facts, witnesses, and evidence are "inextricably intertwined."[11] Whether there is substantial overlap is decided on a case-by-case basis,[12] considering such factors as whether the core issues are the same, or if much of the proof adduced in the two cases would likely be identical.[13] Substantial overlap has been found when separate lawsuits present the same core facts.[14]

Although the first-to-file rule is discretionary[15] and should be applied flexibly rather than mechanically,[16] a potential jurisdictional dispute will not prevent a court from transferring a case under the first-to-file rule so long as there is substantial overlap.[17] Indeed, the Fifth Circuit has rejected the proposition that the first-to-file

---

[10] *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d at 729

[11] *Pastorek v. Trail*, No. 97-3040, 1997 WL 722956, at *3 (E.D. La. Nov.14, 1997).

[12] *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d at 951.

[13] *Int'l Fidelity Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d at 678.

[14] *Carter v. Nicholson*, No. 07-20169, 2007 WL 3316086 at *4 (5th Cir. Nov. 8, 2007).

[15] *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d at 603 (citing *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183–84 (1952)).

[16] *Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D. Tex. 1993), citing *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971).

[17] *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d at 605.

rule requires the court with the second-filed suit to consider whether the court with the first-filed suit has jurisdiction.[18]

In this case, the same four parties – and only those four parties – are involved in both lawsuits. They simply switch sides, the defendants in this lawsuit having initiated the Utah action, and the plaintiffs in this suit having been sued in the Utah action. Both lawsuits arise out of the same commercial sale transaction in which Marks and Mustang LA purchased the assets of the Mustang UT business previously operated by Mackey. The facts underlying the two suits are identical, and the core issue presented in both suits is the same, i.e., whether the Asset Purchase Agreement was breached. The same evidence will likely be presented by the same witnesses in both actions. Although the allegations set forth in the complaints filed in the two lawsuits are not identical, the issues raised in both actions are closely related. Accordingly, the Court finds that the defendants have made a sufficient showing that these two lawsuits substantially overlap.

The second inquiry is which of the two courts should take the case. With regard to that inquiry, "[t]he Fifth Circuit adheres to the general rule that the court in

---

[18] *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d at 604–05 ("While the likelihood of a jurisdictional dispute in the first-filed court may be a factor to consider in applying the [first-to-file] rule, resolving the dispute in favor of that court's jurisdiction is never a condition precedent to applying it.")

which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed."[19] The Utah suit was initiated on January 9, 2014, with a lawsuit filed in a Utah state court. That suit was removed to federal court in Utah on February 11, 2014. This Louisiana federal-court suit was filed in this forum on February 24, 2014.

The plaintiffs argue that the Louisiana suit was technically the first suit filed in a federal forum, rendering the first-to-file rule inapplicable, but that argument lacks merit. Courts in this circuit have, on prior occasions, determined that the date of filing in state court is the relevant benchmark for determining which suit was first-filed.[20] The Court is persuaded that this rule is appropriate; accordingly, the Court finds that the Utah action was first-filed.

The plaintiffs also argue that the first-to-file rule does not apply because the Utah lawsuit was filed in anticipation of litigation. The Fifth Circuit recognizes a limited exception to the first-to-file rule for cases in which a plaintiff files suit for

---

[19] *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d at 950.

[20] *Bank of Am. v. Berringer Harvard Lake Tahoe*, No. 3:13-CV-0585-G, 2013 WL 2627085, at * 3 (N.D. Tex. June 12, 2013); *Poche v. Geo–Ram, Inc.*, No. 96–1437, 1996 WL 371679, at *2 (E.D.La. July 2, 1996); *Igloo Products Corporation v. The Mounties, Inc.*, 735 F.Supp. 214, 217 (S.D.Tex.1990) (citing *Federal Deposit Insurance Corporation v. Taylor*, 727 F.Supp. 326, 329 (S.D.Tex.1989)).

declaratory relief in anticipation of a lawsuit to be filed by the defendant.[21] Such anticipatory lawsuits are disfavored as a type of forum shopping.[22] "[T]he primary reason courts have recognized the anticipatory suit exception to the first-to-file rule is to avoid penalizing a party that has attempted to settle a dispute out of court."[23] In this case, however, the plaintiffs explain that the efforts of all parties to amicably resolve the dispute presented in both lawsuits ended on December 20, 2013, when counsel for Mustang UT and Mustang LA received proof from Maverick that Maverick owned rights in the name "Mustang Helicopters." (Rec. Doc. 15 at 4-5). Both Mustang UT and Mustang LA prepared and filed breach-of-contract lawsuits, but Mustang UT filed its suit first. There is no indication that the first-filed Utah suit was motivated by an attempt to inequitably gain precedence in time, to change forums, or to gain an advantage presented by one forum over another.[24] "Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in

---

[21] See *Pac. Employers Ins. Co. v. MV/Capt. W.D. Cargill*, 751 F.2d 801, 804 (5th Cir. 1985).

[22] *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602, n. 3 (5th Cir. 1983).

[23] *Twin City Ins. Co. v. Key Energy Servs., Inc.*, No. CIV A H-09-0352, 2009 WL 1544255, at *5 (S.D. Tex. June 2, 2009)

[24] See *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).

anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'"[25]

Furthermore, as noted, the jurisprudence regarding forum shopping focuses on declaratory judgment actions. The Utah suit, however, is a not a declaratory judgment action; it is a suit seeking specific performance of the contract as well as damages for breach of the contract, breach of guaranty, unjust enrichment, detrimental reliance, and estoppel. "The reasoning underlying [the anticipatory suit exception to the first-to-file rule] is that anticipatory filing in order to avoid litigation by the defendant deprives the 'true plaintiff' of his right to select the proper forum."[26] No such deprivation occurred here, since the plaintiffs in the Utah litigation do not appear to be seeking circumvention of claims that might be asserted by the adverse parties in another forum but appear, instead, to be asserting valid claims of their own. Therefore, there is no evidence of forum shopping that would trigger the anticipatory-suit exception and preclude operation of the first-to-file rule. While the plaintiffs in the Utah litigation may well have filed suit in anticipation of the plaintiffs in this action filing a lawsuit in Louisiana, they did not merely file a declaratory judgment action to fix venue in advance of the plaintiffs' filing their own lawsuit. Instead, after

---

[25] *Sherwin–Williams Co. v. Holmes Cty.*, 343 F.3d 383, 391 (5th Cir. 2003).

[26] *Strukmyer, LLC v. Infinite Fin. Solutions, Inc.*, 2013 WL 6388563, at *7.

learning that Maverick had a right to the name "Mustang Helicopters," the Utah plaintiffs filed suit alleging various substantive causes of action. The undersigned concludes that these are not the circumstances in which the anticipatory-suit exception should be applied, particularly by the court with the later-filed case.[27]

The plaintiffs also suggest that the choice of law provision in the parties' contract, which indicates that Louisiana law is to be used in resolving disputes, means that the "case would be most advantageously heard in the Western District of Louisiana." (Rec. Doc. 15 at 3). But the issue before the Court is not which court presents the most convenient forum but which court should decide whether the later-filed suit must be dismissed, stayed, or transferred and consolidated. The Utah court is capable of determining which state's choice of law rule applies and of applying Louisiana law to legal issues that arise if it determines that such a choice of law is appropriate,[28] and the presence of a choice-of-law provision in the disputed contract does not render the first-to-file rule inapplicable.

"The first-to-file rule holds that '[i]n the absence of compelling circumstances, the Court initially seized of a controversy should be the one to decide whether it will

---

[27]  See *Strukmyer, LLC v. Infinite Fin. Solutions, Inc.*, 2013 WL 6388563, at *7.

[28]  See *Needbasedapps, LLC v. Robbins*, 926 F. Supp. 2d 919, 934 (W.D. Tex. 2013).

try the case.'"[29] In this case, the plaintiffs have not demonstrated that "compelling circumstances" exist, requiring the first-to-file rule to be disregarded. Compelling circumstances have been found to exist when a party engages in bad faith conduct by inducing an opposing party to delay filing of a lawsuit so that he could file a preemptive lawsuit.[30] But there is no evidence that the plaintiffs in the Utah litigation took any action that induced the plaintiffs in this action to delay filing their lawsuit. Neither the fact that the Utah lawsuit was originally filed in state court, nor the fact that the Utah suit was filed in anticipation of this suit, nor the fact that the disputed contract contains a choice-of-law provision creates circumstances so compelling that the first-to-file rule should be disregarded.

Absent such compelling circumstances, "[o]nce the likelihood of a substantial overlap between the two suits ha[s] been demonstrated, it [is] . . . no longer up to the [second filed court] to resolve the question of whether both should be allowed to proceed."[31] Instead, the proper course of action for the second-filed court is "to transfer the case to the [first-filed] court to determine which case should, in the

---

[29] *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1161, n. 28 (5th Cir. 1992).

[30] *Chapa v. Mitchell*, No. A–05–CV–769–JN, 2005 WL 2978396, at *2 (W.D.Tex. Nov.4, 2005).

[31] *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d at 605 (quoting *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d at 407).

interests of sound judicial administration and judicial economy, proceed."[32] Having found that the two lawsuits are closely related and present issues that substantially overlap, the proper course of action is for this Court to transfer this case to the Utah court to determine which action should, in the interests of sound judicial administration and judicial economy, proceed.[33]

The Court pretermits any further discussion of whether this Court lacks personal jurisdiction over the defendants, whether the doctrine of *lis pendens* mandates a stay of this action until the Utah proceeding has been concluded, whether the Western District of Louisiana is an improper venue, and whether this action should be transferred to the District of Utah or to some other forum pursuant to 28 U.S.C. § 1404(a) and (c) and the doctrine of *forum non conveniens*.

## CONCLUSION

Having found substantial overlap between the instant case and the case pending in Utah and for reasons of comity and sound judicial administration, the defendants' motion (Rec. Doc. 7) is GRANTED and the Clerk of Court is instructed to transfer this case to the United States District Court for the District of Utah, Central Division.

---

[32] *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d at 606.

[33] *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d at 606.

This Order shall be **STAYED** for fourteen days from the date of issuance. Any appeal to the District Judge must be filed within fourteen days from the date of this Order. If an appeal is taken to the District Judge, this Order shall remain stayed until the appeal is decided. If no timely appeal is filed, the clerk shall transfer the action forthwith.

Signed at Lafayette, Louisiana on July 15, 2014.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

COPY SENT:

DATE: 7/16/2014
BY: EFA
TO: RFD
  cg